1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6    WINTICE GROUP, INC.,                    )
                                             )     Case No. 2:08-cv-01827-PMP-PAL
7                          Plaintiff,        )
                                             )              **ORDER**
8    vs.                                     )
                                             )     (Mtn to Exclude - Dkt. #126)
9    DESTINY LONGLEG, et al.,                )
                                             )
10                         Defendants.       )
     _____)

11

12          This matter is before the court on Defendants' Motion to Exclude Undisclosed Evidence (Dkt.

13   #126).  The court has considered the Motion, Plaintiff's Response (Dkt. #130), and Defendants' Reply

14   (Dkt. #135).  For the reasons set forth below, the Motion to Exclude is granted.

15                                        **DISCUSSION**

16   **I.      Background.**

17          This trademark infringement case was filed by Plaintiff on December 24, 2008.  *See* Dkt. #1.

18   On September 23, 2009, a Discovery Plan and Scheduling Order (Dkt. #84) was entered by the court,

19   which established the deadlines in this case.  The Scheduling Order, which was prepared and submitted

20   as a proposed order by Plaintiff, established September 18, 2009, as the deadline to disclose experts and

21   expert reports.  The Scheduling Order also noted that Local Rule 26-4 governed any modifications or

22   extensions.  On September 3, 2010, District Judge Pro entered an Order (Dkt. #122) granting in part and

23   denying in part Plaintiff's motion for partial summary judgment.  Judge Pro found that Plaintiff had not

24   presented evidence to support causation regarding damages other than timing, and therefore  "a genuine

25   issue of material fact remains as to whether [Defendant] Longleg's conduct caused any damages." *Id.*

26   at 9:10-11, 12-13.  Judge Pro directed the parties to file a Joint Pretrial Order by September 30, 2010.

27   After Judge Pro's order was entered, Plaintiff disclosed its expert's name in the drafts of the Proposed

28   Pretrial Order exchanged September 30, 2010.  Plaintiff served an expert report on January 6, 2010,

1   after the instant motion was filed.  Trial in this matter was set for January 11, 2011, but, but was

2   recently continued due to a conflict in the court's calendar.  It has been reset for February 8, 2011.  *See*

3   Minute Order, Dkt. #131.

4   **II.       The Parties Positions.**

5           **A.       Defendants' Motion to Exclude (Dkt. #126).**

6           Defendants assert Plaintiff failed to disclose its expert in accordance with the court's Local

7   Rules and Rule 26 of the Federal Rules of Civil Procedure.  Specifically, Plaintiff only provided the

8   expert's name and stated that the expert will opine in support of Plaintiff's damages.  Plaintiff failed to

9   provide a written report prepared and signed by the expert.  As a result, Defendants contend, they have

10  been deprived of the opportunity to prepare their defense, examine the expert witness report, depose the

11  expert witness, and evaluate their case and prepare for cross-examination. Defendants assert that

12  because Plaintiff has failed to comply with Rule 26, it should be sanctioned under Rule 37(c)(1) of the

13  Federal Rules of Civil Procedure.   Specifically, Plaintiff's expert should be precluded from testifying at

14  trial, and Plaintiff should be precluded from offering any documents, expert witness reports, "or any

15  direct or rebuttal testimony from any witness or expert based thereon."  Defendants also assert that

16  Plaintiff has not complied with its Rule 26(a)(1) disclosure obligation because it has not disclosed or

17  provided a computation of damages, and has failed to provide documents and evidence upon which any

18  damages computations are based.  Defendants maintain that Plaintiff should be precluded from

19  submitting any theory, documents, or evidence in support of damages at trial.

20          **B.       Plaintiff's Opposition (Dkt. #130).**

21          Plaintiff responds that it "immediately undertook efforts to identify and retain an expert witness

22  who could satisfy the Court's questions on damages", after Judge Pro's order granting and denying

23  partial summary judgment was entered.  Plaintiff states that prior to this order, it did not anticipate an

24  expert on damages would be necessary.  During the last week of September 2010, Plaintiff identified

25  Dr. Andrew Malec as an expert witness.  Dr. Malec had not prepared a report at the time Plaintiff's

26  opposition to this motion was filed and Plaintiff, therefore, had nothing further to disclose to

27  Defendants.  Plaintiff contends that it complied with Rule 26 because it disclosed Dr. Malec more than

28  ninety days before trial and because Rule 26(e) requires the parties to supplement discovery regarding

1  expert witnesses in a timely manner where initial responses to discovery are incomplete or where

2  additional or corrective information is learned.  Plaintiff claims Defendants "sat on their hands" and

3  chose not to conduct discovery into Plaintiff's expert.  Furthermore, relying on *CCR/AG Showcase*

4  *Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.,* 2010 WL 1947016 (D. Nev. 2010),

5  Plaintiff states that even if its disclosure is late, striking its expert is unwarranted.

6        **C.**     **Defendants' Reply (Dkt. #135).**

7        Defendants reply that Plaintiff should have disclosed its expert by September 18, 2009,

8  according to the Local Rules.  Additionally, the expert report submitted to Defendants on January 6,

9  2010, was incomplete.  It does not contain the documents its expert relied on, and Plaintiff advised

10  Defendants it cannot produce them to Defendants.  Furthermore, the report does not contain the facts or

11  data considered by the expert in forming his opinion or a statement of the compensation the expert will

12  be paid for preparing the report and testifying in the case. Finally, Defendants contend the case law

13  cited by Plaintiff does not support its position Plaintiff's expert should be allowed to testify.

14  **III.**    **Law & Analysis.**

15        Fed.R.Civ.P. 26 requires parties to disclose the identity of any person who may be used as an

16  expert witness.  Fed.R.Civ.P. 26(a)(2)(B).  Rule 26 provides that, "[t]hese disclosures shall be made at

17  the times and in the sequence directed by the court."  Fed.R.Civ.P. 26(a)(2)(C).  Local Rule LR 26-

18  1(e)(3) provides:

19               Unless the discovery plan otherwise provides and the court so orders, the
20               time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C) for
             disclosure concerning experts are modified to require that the disclosures be
             made sixty (60) days before the discovery cut-off date and that disclosures
21               respecting rebuttal experts be made thirty (30) days after the initial
             disclosure of experts.

22  LR 26-1(e)(3).

23        Fed.R.Civ.P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in

24  discovery.  Rule 37(c)(1) provides, in relevant part:

25               A party that without substantial justification fails to disclose information
             required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery
26               as required by Rule 26(e)(2), is not, unless such failure is harmless,
             permitted to use as evidence at a trial, at a hearing, or on a motion any
27               witness or information not so disclosed.

28  Fed.R.Civ.P. 37(c)(1). The Ninth Circuit has held that Rule 37(c)(1) "gives teeth to [the disclosure

1    requirements of Rule 26] by forbidding the use at trial of any information required to be disclosed by

2    Rule 26(a) that is not properly disclosed." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212-13 (9th

3    Cir. 2008) (*citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

4        A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial

5    testimony should be automatically excluded if a party fails to strictly comply with the requirements of

6    Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make

7    complete disclosure, or that the failure to disclose is harmless. *Elgas v. Colorado Belle Corp.*, 179

8    F.R.D. 296 (D. Nev. 1998) (*citing Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)).  In the

9    Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of

10   litigation." *Continental Lab.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000) (*quoting Miller v. Safeco Title Ins.*

11   *Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  If full compliance with Rule 26(a) is not made, Rule 37(c)(1)

12   mandates some sanction, "the degree and severity of which are within the discretion of the trial judge."

13   *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

14       The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery

15   rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to

16   issue sanctions under Rule 37(c)(1)." *Yeti by Molly,* 259 F.3d at 1106 (*citing Ortiz-Lopez v. Sociedad*

17   *Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).  The

18   burden is on the party facing discovery sanctions for belated disclosure to show that its failure to

19   comply with Rule 26(e) is substantially justified or harmlessness. *Torres,* 548 F.3d at 1213 (*citing Yeti*

20   *by Molly,* 259 F.3d at 1107).  Exclusion of an expert's testimony for failure to comply with the

21   requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule

22   37(c)(1) even in the absence of showing a bad faith or willfulness. *Yeti by Molly,* 259 F.3d at 1106,

23   (*citing* Fed.R.Civ.P. 37 Advisory Committee Note (1993)); *Hoffman v. Construction Protective*

24   *Services, Inc.,* 541 F.3d 1175, 1180 (9th Cir. 2008) (rejecting the notion the district court is required to

25   make a finding of wilfulness of bad faith before excluding evidence not disclosed but mandated by Rule

26   26(a)).

27       The district court also has discretion to exclude expert witnesses who have not been timely

28   disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of*

1    *California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  As the Ninth Circuit recognized, courts enter

2    scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly

3    manner, and they must be allowed to enforce them, unless there are good reasons not to."  *Id*.

4    Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule

5    26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and

6    other parties in that manner is not harmless."  *Id*.  The Ninth Circuit has affirmed exclusion of expert

7    testimony when the expert was disclosed twenty days late, and the expert reports were six weeks late.

8    *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998).

9           A review of the court's docket reflects that the Plaintiff submitted a proposed Discovery Plan

10   and Scheduling Order (Dkt. #80) on July 10, 2009, which Judge Johnston approved and entered

11   September 23, 2009 (Dkt. #84).  The proposed plan represented that the parties had been in settlement

12   discussions which had slowed the discovery process, and that the parties did not materially dispute the

13   dates Plaintiff proposed in the plan submitted to the court.  The court approved the plan and entered an

14   Order (Dkt. #84) which established a November 18, 2009 discovery cutoff, a September 18, 2009

15   deadline for disclosing experts, and October19, 2009 deadline for disclosing rebuttal experts.

16   Discovery closed and neither side designated an expert.  Before the close of discovery, the parties

17   jointly requested a settlement conference.  The Honorable Robert J. Johnston granted their request and

18   conducted a settlement conference December 10, 2009.  *See* Minutes of Proceedings (Dkt. #88) and

19   Order Scheduling Settlement Conference (Dkt. #89).

20          Judge Johnston entered a Minute Order (Dkt. #90) on December 10, 2009, indicating that the

21   parties had reached a settlement in the case, and the terms of the settlement had been placed on the

22   record.  Judge Johnston's Minute Order required that settlement and dismissal documents were due

23   January 15, 2010.  The parties were unable to finalize their settlement and Judge Johnston recused

24   himself from further participation in this case.  *See* Order (Dkt. #106).  The matter was randomly

25   assigned to the undersigned for further proceedings.  *See* Minute Order (Dkt. #107).

26          A number of dispositive and non-dispositive motions were filed after the parties' settlement fell

27   through.  The district judge conducted a hearing on the various motions August 30, 2010, and entered a

28   written Order (Dkt. #122) September 3, 2010.  The district judge found that there was no genuine issue

1  of material fact that the website in dispute in this case was likely to cause consumer confusion over the

2  source of the website.  However, he also found that there was a genuine issue of material fact whether

3  Defendant Longleg's conduct caused Plaintiff any damages.  Plaintiff argued in its motion for partial

4  summary judgment that it lost twenty-three percent of its paid advertisers as a result of Longleg's

5  conduct in 2007.  However, it presented no evidence to support causation as to damages other than

6  timing.  Plaintiff submitted an exhibit with its motion for partial summary judgment supporting its

7  damages which the district judge found did not demonstrate how much revenue Plaintiff claims to have

8  lost due to Defendant's acts.  The district judge's order pointed out other deficiencies in Plaintiff's

9  arguments which caused him to deny Plaintiff's motion for partial summary judgment in all other

10  respects.  The order also directed the parties to meet and confer and file a proposed Joint Pretrial Order

11  in compliance with the local rules of practice no later than September 30, 2010.

12        Plaintiff did not disclose Dr. Malec as its damages expert until identifying him as a witness in

13  the proposed Joint Pretrial Order.  Plaintiff's opposition acknowledges that Defendants objected to

14  including Dr. Malec in the Joint Pretrial Order, but argues that his identification gave the Defendants

15  "actual knowledge that Plaintiff intended to call Dr. Malec to testify about damages associated with

16  Defendants' infringement."  Defendants' "actual knowledge" of the name of an untimely designated

17  expert on damages does not make the late disclosure substantially justified or harmless.  This is

18  especially true where, as here, the identification was not accompanied by a Rule 26(a)(2)(B) compliant

19  report which Plaintiff was unable to provide because the expert had not yet even begun working on

20  Plaintiff's damages computation at the time he was identified.

21        Defendants also assert, and Plaintiff does not dispute, that Plaintiff failed to provide an initial

22  disclosure concerning a computation of each category of damages as required by Rule 26(a)(1)(A)(iii).

23  Rule 26(a) provides a party to provide initial disclosures without awaiting a formal discovery request.

24  Fed.R.Civ.P. 26(a)(1)(A).  As part of its initial disclosures, a party must provide:

25      A computation of each category of damages claimed by the disclosing party–who must
also make available for inspection and copying as under Rule 34 the documents are
26  rather evidentiary material, unless privileged or protected from disclosure, on which
each computation is based, including materials bearing on the nature and extent of
27  injuries suffered.

28  Fed.R.Civ.P. 26(a)(1)(A)(iii).

1    Unless a different time is set by stipulation or court order, initial disclosures must be made

2  within fourteen days of the parties' Rule 26(f) conference. Fed.R.Civ.P. 26(a)(1)(C). A party is not

3  excused from making its initial disclosures because it has not fully investigated the case. Fed.R.Civ.P.

4  26(a)(1)(E). The proposed Discovery Plan and Scheduling Order which the Plaintiff submitted, and the

5  court approved, required the parties to exchange the information required by Rule 26(a)(1) within

6  fifteen days of entry of the order. The order was entered September 23, 2009. Plaintiff's damages

7  calculation and the documents and other evidentiary materials on which they were based were therefore

8  due October 8, 2009.

9    As Plaintiff's opposition makes clear, before Judge Pro's ruling on its motion for partial

10  summary judgment on September 3, 2010, Plaintiff did not retain an expert, had not obtained any

11  opinion evidence from an expert, and did not anticipate that one would be necessary. Yet, counsel for

12  Plaintiff insists that it timely designated its damages expert after Judge Pro's ruling on the motion for

13  partial summary judgment because in his ruling "the Court requested more information to quantify

14  damages."

15    The court categorically rejects Plaintiff's argument that disclosure of Dr. Malec as an expert was

16  timely because Plaintiff did not realize it needed an expert until after Judge Pro's order was entered on

17  September 3, 2010. Plaintiff elected to prosecute this case without retaining an expert. Plaintiff's

18  disclosure of the damages expert during the exchanges of drafts of the Proposed Pretrial Order was

19  clearly untimely. In ruling on the Plaintiff's motion for partial summary judgment, Judge Pro did not

20  *request* more information to quantify Plaintiff's damages. Rather, his order granting in part and

21  denying in part summary judgment found that there was a genuine issue of material fact concerning

22  whether Defendant Longleg's conduct caused any damages. His order discussed the evidence the

23  Plaintiff submitted with its motion for partial summary judgment supporting its claim that Plaintiff lost

24  23% of its paid advertisers from the time Defendant Longleg spammed its customers in 2007. He

25  found that Plaintiff had presented no evidence to support causation of its damages other than timing,

26  and that other factors may have impacted the decline in Plaintiff's subscriptions. For reasons he

27  described in detail, he granted partial summary judgment as to the likelihood of confusion with respect

28  to the Defendants' website, but denied summary judgment as to causation of damages. Nothing in the

1  district judge's order granting in part and denying in part summary judgment gave Plaintiff leave to

2  reopen discovery or extended the deadline for designating an expert.

3         Plaintiff argues that Dr. Malec was identified and disclosed to Defendants as soon as possible,

4  after the district judge ruled on dispositive motions.  Plaintiff argues his disclosure was timely pursuant

5  to Rule 26(a)(1)(D)(i) because he was disclosed at least ninety days before trial.  Rule 26(a)(1)(D)(i)

6  provides:

7         *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times
       and in the sequence that the court orders.  **Absent a stipulation or a court order**, the
8         disclosures must be made; (i) at least ninety days before the date set for trial or for the
       case to be ready for trial.
9

10  (Emphasis supplied.)  In this case the court entered a Discovery Plan and Scheduling Order, which was

11  submitted by counsel for Plaintiff, which established a September 18, 2009 deadline for disclosing

12  experts.  Rule 26(a)(1)(D)(i) simply does not apply, where as here, the court has entered a Discovery

13  Plan and Scheduling Order specifying the deadline for designating experts.

14         The court also rejects Plaintiff's arguments it should be permitted to designate an expert more

15  than a year after the deadline for designating experts because Defendants "sat on their hands" and failed

16  to request any written discovery or take the expert's deposition after receiving actual notice Plaintiff

17  intended to rely on an expert during preparation of the pretrial memorandum.  Defendants' "actual

18  knowledge" Plaintiff intended to call an expert long after the deadline for designating an expert has

19  expired did not cure the Plaintiff's failure to comply with the court's Discovery Plan and Scheduling

20  Order, or the Plaintiff's failure to meet it's discovery disclosure obligations.  If anything, it was the

21  Plaintiff who sat on its hands by electing to prosecute this case without retaining an expert until after

22  the district judge found the evidence submitted to support its damages were insufficient to support a

23  summary judgment motion.

24         Additionally, after the expiration of the deadlines established by the court's Discovery Plan and

25  Scheduling Order, neither side was *permitted* to engage in further discovery without leave of court.  LR

26  26-4 permits an application to extend any of the deadlines established by the court's Discovery Plan and

27  Scheduling Order upon a showing of good cause twenty days before the expiration of the deadline.

28  However, after a Discovery Plan and Scheduling Order deadline has expired, a party seeking relief from

1   the court's order must establish excusable neglect.  Fed.R.Civ.P. 6(b).  LR 6-1(b) also provides that a

2   request for an extension of time made after the expiration of a deadline "shall not be granted unless the

3   moving party, attorney, or other person demonstrates that the failure to act was the result of excusable

4   neglect." *Id*.  If Plaintiff wanted an opportunity to designate an expert after the expiration of the

5   deadline established by the court's Discovery Plan and Scheduling Order, it was incumbent on the

6   Plaintiff to move to reopen discovery for this purpose and establish that the failure to designate an

7   expert before the deadline was the result of excusable neglect.  Plaintiff does not claim that its failure to

8   anticipate the need for a damages expert constitutes excusable neglect.

9        The Ninth Circuit has held that "the determination of whether neglect is excusable is an

10  equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2)

11  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

12  whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th

13  Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380,

14  395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  Here, Plaintiff did not seek leave of court to reopen

15  discovery to designate an expert on damages, and made no attempt to show its prior failure to designate

16  an expert on damages was the result of excusable neglect.  The deadline for designating an expert

17  expired more than a year prior to the time Plaintiff identified Dr. Malec as its damages expert in a

18  proposed draft of the Joint Pretrial Order.

19       Moreover, at the time Defendant filed its opposition to this motion, Plaintiff's expert had not yet

20  prepared a report.  An expert report was not served until January 6, 2011, five days before the scheduled

21  January 11, 2011 trial.  The district judge was trying another case, and therefore continued the trial date

22  until February 8, 2011.  Allowing Plaintiff to serve an expert report shortly before the trial would, of

23  necessity, require reopening of discovery to allow the Defendants to designate a rebuttal expert and

24  depose Plaintiff's expert.  Defendants could not reasonably be expected to retain, designate and serve a

25  Rule 26(a)(2)(B) report, and depose Plaintiff's expert in less than thirty days.  Allowing Plaintiff an

26  opportunity to designate at this late date would not only disrupt the court and the parties schedule, but

27  prejudice the Defendants by making them incur costs and attorneys fees long after the expiration of the

28  Discovery Plan and Scheduling Order deadlines.

1    Plaintiff's argument that Defendants are not prejudiced by the late disclosure because no report
2    existed at the time Dr. Malec was identified and therefore, Defendants had all the information about his
3    opinions that Plaintiff had is frivolous.  Similarly, Plaintiff's argument that Defendants "sat on their
4    hands" by not seeking to take the deposition of Dr. Malec or requesting information about Plaintiff's
5    damages formally or informally before filing the motion is frivolous.  Again, as Plaintiff's opposition to
6    this motion makes clear, Dr. Malec didn't even begin working on providing an opinion on Plaintiff's
7    damages until early October 2010, and did not produce a report of his opinions until January 6, 2011.  It
8    would have been a complete waste of time and resources to try to depose Dr. Malec before he had
9    reached his conclusions and formed his opinions.

10    Plaintiff's late designation is particularly prejudicial where, as here, Plaintiff failed to disclose
11    its damages calculations in its initial disclosures as required by Rule 26(a)(1).  Rule 26(a)(1)(A)(iii) is
12    explicit.  It requires a party to disclose "a computation of each category of damages claimed by the
13    disclosing party–who must also make available for inspection and copying as under Rule 34 the
14    documents or other evidentiary materials, unless privileged or protected from disclosure, on which each
15    computation is based, including materials bearing on the nature and extent of injuries suffered."  *Id.*
16    Plaintiff was required to provide initial disclosures providing a computation of damages and any
17    documents or other evidentiary material on which the damages calculations were based within fifteen
18    days of the entry of the Scheduling Order, or no later than October 8, 2009.  Rule 26(e) requires
19    supplementation of initial disclosures which are later found to be incomplete or incorrect.  It does not
20    permit an untimely disclosure more than a year after the deadline for completing discovery.

21    In short, the court finds that the disclosure of Dr. Malec as an expert during preparation of the
22    Joint Pretrial Order, and disclosure of  his expert report five days before the January 11, 2011, trial date
23    was untimely.  Plaintiff did not seek leave of court to reopen discovery after the district judge entered
24    his order granting in part and denying in part Plaintiff's motion for partial summary judgment, or
25    attempt to establish excusable neglect for its late disclosure.  Plaintiff has also not met its burden of
26    establishing that its late disclosure of Dr. Malec is either substantially justified or harmless.  Plaintiff's
27    failure to anticipate the need for an expert until after the district judge's order granting in part and
28    denying in part Plaintiff's motion for partial summary judgment was not substantially justified or

harmless.  This is especially true, where as here, Plaintiff failed to serve Defendants with the disclosures required by Rule 26(a)(1)(A)(iii).

       For all of the foregoing reasons, Defendants' Motion to Exclude (Dkt. #26)  is **GRANTED.** Plaintiff shall not be permitted to call Dr. Malec as an expert, or introduce any documents or evidentiary materials supporting its damages not disclosed in its initial disclosures.

       Dated this 3rd day of February, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE